# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00237-CR

**Jimmy Leach, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 98-1012-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

Jimmy Leach was charged with the third-degree felony offense of possession of a controlled substance, to-wit, amphetamine, in an amount of one gram or more but less than four grams. *See* Tex. Health & Safety Code Ann. § 481.116 (West & Supp. 2000). After waiving his right to a jury trial, appellant was tried and found guilty of the lesser included state jail felony offense of possession of a controlled substance of less than one gram. The trial court sentenced appellant to two years in the state jail. In his first six points of error, appellant challenges the denial of his motion to suppress, asserting that the evidence used against him at trial was illegally obtained. Appellant's final point of error claims that the evidence produced at trial was factually insufficient to support his conviction. We will overrule appellant's points of error and affirm the judgment of the trial court.

**FACTUAL BACKGROUND**

While Officer Steve Clayton of the Round Rock Police Department was driving northbound on Interstate Highway 35 on October 23, 1998, at approximately 9:50 a.m., he observed a registration sticker taped to the windshield of a car driven by appellant. Clayton, driving behind appellant, called dispatch and ran a check on the license plate. The dispatcher advised Clayton that the vehicle registration had expired in June of 1996. Clayton then stopped appellant.

Clayton asked appellant to step out of the car and had the dispatcher check appellant's driver's license for outstanding warrants. The dispatcher informed Clayton that there were no outstanding warrants. Clayton examined the registration sticker on the vehicle's windshield and determined that it was, in fact, valid. Clayton then asked for and received permission to search appellant's vehicle. The record does not indicate precisely when the request to search the vehicle was made and when the consent was given. During the search, Clayton discovered a small amount of methamphetamine in a cassette case with appellant's name on it on the floorboard of the vehicle. Clayton placed appellant under arrest and read him his Miranda warnings. During questioning by Clayton, appellant admitted that the amphetamine was his.

**DISCUSSION**

*Motion to Suppress*

In his brief, appellant complains that the evidence and statements in the case were obtained in violation of article I, section 9 of the Texas Constitution, article 38.23 of the Texas

Code of Criminal Procedure, and the Fourth and Fourteenth Amendments to the United States Constitution. *See* Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (West 1989); U.S. Const. amends. IV & XIV. Appellant has provided no argument to this Court why he is entitled to relief under the Code of Criminal Procedure. A point of error that is improperly briefed presents nothing for review. *Alvarado v. State*, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995). Also, appellant has cited no authority and made no argument regarding any distinction between the protections of the state and federal constitutions on the issues involved in this case. *See McCambridge v. State*, 712 S.W.2d 499, 501-02 n.9 (Tex. Crim. App. 1986) (explaining that counsel should carefully separate state and federal constitutional grounds). For these reasons, we overrule points of error one, two, four, and five, which are based on state statutory and constitutional law.

We turn now to the merits of appellant's arguments under the Fourth Amendment to the federal constitution. *See* U.S. Const. amend. IV. The standard for reviewing a trial court's ruling on a motion to suppress was set forth by the Texas Court of Criminal Appeals in *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997):

> [A]s a general rule, the appellate courts . . . should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The appellate courts . . . should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. The appellate courts may review *de novo* "mixed questions of law and fact" not falling within this category.

3

*Id.* at 89 (citations omitted). Because Clayton's testimony is uncontroverted, we will review the trial court's decision *de novo*.

Clayton admitted that he routinely asks drivers for permission to search their vehicles whether he has any suspicion of criminal activity or not. That was the case here. Appellant does not argue that the consent to search was involuntary. Instead, he argues that any request for consent to search a motorist's car following the resolution of the matter that prompted the traffic stop is automatically an illegal seizure if the police officer did not have probable cause to investigate or reasonable suspicion that any criminal actions were occurring. We believe this is an untenable position in light of the current state of constitutional law.

The Fourth Amendment protects against unreasonable searches and seizures, including those entailing only a brief detention. *See United States v. Mendenhall*, 446 U.S. 544, 551 (1980). A detention may last no longer than is necessary to effectuate the purpose of the stop. *Florida v. Royer*, 460 U.S. 491, 500 (1983). When a police officer simply requests permission to search a vehicle, however, that does not amount to an unlawful seizure under the federal constitution. The Fourth Amendment does not proscribe voluntary cooperation. *Florida v. Bostick*, 501 U.S. 429, 439 (1991). A police officer may approach a citizen without probable cause or reasonable suspicion to ask questions or even request a search. *Royer*, 460 U.S. at 497-98; *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). "When officers have no basis for suspecting a particular individual, they may generally ask questions of that individual . . . as long as the police do not convey a message that compliance with their requests is required." *Bostick*, 501 U.S. at 435.

There is no dispute in the present case that the initial traffic stop was valid. Moreover, there is no evidence in the record—nor does appellant claim—that he felt unable to refuse the request for consent. The limited record in this case does not support the conclusion, when judged objectively from all the circumstances surrounding the encounter, that a reasonable person would not have felt free to withhold consent. *Cf. State v. Daly*, No. 03-00-244-CR (Tex. App.—Austin Dec. 21, 2000, no pet. h.). The time from the beginning of the traffic stop to the point when the search began was approximately six minutes. Appellant does not dispute the reasonableness of the circumstances; rather, he contends it was *per se* unreasonable for the police to ask for consent to search his vehicle.

The touchstone of the Fourth Amendment is reasonableness. *Florida v. Jimeno*, 500 U.S. 248, 250 (1991). The Supreme Court has consistently avoided bright-line rules, instead emphasizing the fact-specific nature of the reasonableness inquiry. *Ohio v. Robinette*, 519 U.S. 33, 39 (1996); *see also Royer*, 460 U.S. at 506. In *Robinette*, the Supreme Court struck down a state court's ruling that required police officers to inform motorists that they were free to go before requesting consent to search their automobiles. *Robinette*, 519 U.S. at 39. We believe, in light of *Robinette* and *Royer*, that police officers may request consent to search an automobile after the purpose of the traffic stop has been accomplished so long as it is reasonable under the circumstances and the police officers have not conveyed "a message that compliance with their requests is required." *Bostick*, 501 U.S. at 435. Appellant does not assert that he was required to give consent, nor does he argue that, considering the totality of the circumstances, a reasonable

5

person would not have felt free to leave. He merely argues that it is an illegal detention per se. As we have noted, such a rule is not mandated by the Fourth Amendment.

Recently, another appellate court in Texas, construing *Robinette* and *Davis v. State*, 947 S.W.2d 240 (Tex. Crim. App. 1997), held that a police officer may request consent to search a vehicle after a traffic stop but may not detain the occupants or vehicle further if such consent is refused unless reasonable suspicion of some criminal activity exists. *See Simpson v. State*, 29 S.W.3d 324, 328 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The *Davis* court held that a traffic stop must be temporary and last no longer than is necessary to effectuate the purpose of the stop. *Davis*, 947 S.W.2d at 245. We agree. Nonetheless, if these requirements are met, reasonable suspicion is not required for a police officer to request consent to search an automobile as long as a message that compliance is required is not conveyed.

Appellant cites the *Davis* case in support of his position. It is distinguishable in one important respect. There, police officers continued to detain the defendant after they had determined that he was not intoxicated. They were twice denied consent to search. *Id.* at 241. In the instant case, as noted by the State, the traffic stop was very short and appears reasonable under the circumstances. From the record, we cannot determine whether the request for consent was made before or after the original purpose for the traffic stop was effectuated. Even if made afterwards, however, it does not appear that appellant was further detained *before* the request was made. Once the reason for the original detention ended, appellant and Clayton were in essentially the same position as any officer who approaches a citizen and asks for consent to conduct a search. *See Royer*, 460 U.S. at 497-98. In light of the totality of the circumstances, that the detention was

6

under six minutes, that it was daytime, and the complete absence in the record of any evidence that appellant felt compelled to stay and give his consent to the search, we conclude that the encounter was reasonable and not in violation of the Fourth Amendment. The mere request for consent to search does not amount to an illegal seizure. For these reasons, we overrule appellant's points of error relating to the legality of the search.[1]

## *Sufficiency of the Evidence*

Appellant's final point of error challenges the sufficiency of the evidence. More specifically, appellant maintains that because the indictment contained the charge of more than one but less than four grams, he should not have been convicted of a lesser included offense.

When conducting a factual sufficiency review, we do not view the evidence in the light most favorable to the verdict. Instead, we consider all evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *See Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). The appellate court, however, does not substitute its judgment for that of the jury, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Furthermore, the appellate court may not reverse a jury's decision simply because it disagrees with the result. *See Cain v. State*, 958

---

[1] This Court is aware of the danger involved and the controversy surrounding the voluntariness of consent in the context of a traffic stop. *See generally* 4 Wayne R. Lafave, *Search and Seizure* § 9.3, at 85-135 (3d ed. 1996). We acknowledge the validity of the thrust of appellant's public policy arguments. This Court, however, is not in a position to make such policy.

S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact that the substance found in the automobile was amphetamine and that it belonged to the defendant is not challenged; only the weight of the substance is at issue.

Clayton took the substance found in the appellant's car back to the Round Rock Police station where he weighed it. He obtained a weight of 0.98 grams. The Department of Public Safety weighed the evidence and got a result of 1.02 grams. There was testimony that both scales were regularly calibrated and believed to be accurate. Clearly, there was conflicting testimony and evidence that troubled the trial court as to the weight of the substance. The judge found that there was reasonable doubt that the weight of the substance was more than one but less than four grams. There is, however, compelling evidence that the defendant possessed the requisite amount of amphetamine to be convicted of the lesser included offense. The evidence is not so weak or contrary to the overwhelming weight of the evidence as to be clearly wrong.

Appellant directly challenges the authority of the court to convict him of a lesser included offense. He maintains that the State is bound by the allegations included in the indictment. This claim is without merit. The rule in this state is that "[i]n a bench trial, the prosecution is not required to submit a lesser included offense charge to the trial judge. The trial court is authorized to find the appellant guilty of any lesser offense for which the State provides the required proof." *Shute v. State*, 877 S.W.2d 314, 315 (Tex. Crim. App. 1994); *see also Cunningham v. State*, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987). The trial court necessarily found the required proof to convict appellant of the lesser included offense. Because we do not

8

agree with appellant that the great weight of the evidence is contrary to this ruling, we overrule this point of error.

**CONCLUSION**

After reviewing *de novo* the trial court's denial of the motion to suppress and according great weight to the trial court's findings of fact, we conclude that there is no reversible error. We overrule all of appellant's points of error and affirm the judgment of the trial court.

_____

J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed:   December 21, 2000

Publish

9