NO. 12-02-00069-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JEANNIE SARGENT,
§
 APPEAL FROM THE SEVENTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Jeannie Sargent ("Appellant") appeals her conviction by a jury for possession of marijuana. 
In one issue, Appellant asserts the trial court erred by denying her motion to suppress. We affirm.


Background

 On November 16, 1999, Sergeant Steve Chaney ("Chaney") with the Smith County Sheriff's
Department was working patrol on Interstate 20 in Smith County, Texas. At approximately 11:00
a.m., Chaney observed Appellant's vehicle running 77 miles per hour in a 70 mile per hour zone.
Chaney left the median of the interstate, and followed Appellant's vehicle. At some point, Chaney
turned on his overhead lights which activated the recording device in his patrol car. Appellant exited
the interstate, and both Appellant and Chaney stopped in the parking lot of a Chevron station on the
service road. During the traffic stop, Chaney became suspicious of Appellant's behavior. After
requesting Appellant to step out of the vehicle, he asked her if she had any guns or anything in the
vehicle. She said "no." Chaney asked if she had anything in the trunk, and he testified that she said
it contained a suitcase. Chaney asked to look in the trunk and Appellant consented. Upon Chaney's
request, Appellant retrieved the keys to the trunk and opened it. After discovering the suitcase,
Chaney's exterior examination revealed bundles of what he believed could be contraband. Chaney
opened the suitcase and discovered "bricks" of contraband. At that point, Chaney placed Appellant
in custody. Upon opening one of the packages, Chaney found what he believed to be marijuana. 

 Appellant was charged by indictment with intentionally or knowingly possessing a usable
quantity of marijuana, in an amount of fifty pounds or less, but more than five pounds, a third degree
felony. (1) Before trial, Appellant filed a motion to suppress requesting suppression of the marijuana. 
After a hearing, the judge denied Appellant's motion in part, finding that the confession was
voluntary and evidence obtained from the trunk of the vehicle driven by Appellant was admissible,
so long as it was properly proved up at trial. 

 A jury trial began on January 15, 2002. During trial, the State conditionally offered as
evidence the suitcase and its contents found in the trunk of the vehicle driven by Appellant.
Appellant had "no objection." The court conditionally admitted the evidence "contingent on further
prove up." Later, during questioning of the chemist with the Department of Public Safety Crime
Lab, the thirteen bundles or "bricks" of marijuana discovered in the suitcase were offered as
evidence. Appellant had "no objection" to their admission. On January 16, 2002, the jury found
Appellant guilty of possession of marijuana, as charged in the indictment, and she was sentenced by
the court to four years of imprisonment.


Denial of Motion to Suppress

 In her sole issue, Appellant contends that the trial court erred in denying the motion to
suppress because the marijuana was seized in violation of her rights under the Fourth and Fourteenth
Amendments to the United States Constitution, and Article I, Section 9, of the Texas Constitution.
Appellant argues that the detention, including the request to search, failed to comply with the
requirements of Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), for a seizure
occurring without probable cause for an arrest. However, the State contends that Appellant waived
her complaint regarding suppression of the marijuana by her failure to object to the introduction of
the evidence at trial.


 When a pretrial motion to suppress evidence is overruled, an accused need not subsequently
object to the admission of the same evidence at trial in order to preserve error. Gearing v. State, 685
S.W.2d 326, 329 (Tex. Crim. App. 1985), overruled on other grounds, Woods v. State, 956 S.W.2d
33, 36 n.3, 38-39 (Tex. Crim. App. 1997); Ebarb v. State, 598 S.W.2d 842, 843 (Tex. Crim. App.
[Panel Op.] 1979). However, when an accused affirmatively asserts during trial that she has "no
objection" to the admission of the complained-of evidence, she waives any error in the admission
of the evidence despite the pretrial ruling. Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim. App.
1988); Gearing, 685 S.W.2d at 329. 

 The trial court overruled Appellant's pretrial motion to suppress the marijuana. During trial,
Appellant affirmatively asserted that she had "no objection" to the admission of the suitcase and its
contents, nor the thirteen "bricks" of marijuana seized from the trunk of the vehicle she was driving.
Because of her assertion, Appellant has waived any error in the admission of the marijuana at trial.
Therefore, she presents nothing for our review. 

 Even absent waiver, Appellant has shown no error. After completion of a traffic stop, it is
not unreasonable per se for an officer to request a search. Foster v. State, 101 S.W.3d 490, 495
(Tex. App.-Houston [1st Dist.] 2002, no pet.); see State v. Hunter, 102 S.W.3d 306, 310 (Tex.
App.-Fort Worth 2003, no pet.). Because the Fourth Amendment does not prohibit voluntary
cooperation, a request to search a vehicle does not amount to an unlawful seizure under the federal
constitution. Leach v. State, 35 S.W.3d 232, 235 (Tex. App.-Austin 2000, no pet.) (citing Florida
v. Bostick, 501 U.S. 429, 439, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)). Moreover, a police officer
may request consent to search a motor vehicle after the purpose of a traffic stop has been
accomplished so long as it is reasonable under the circumstances and the police officer has not
conveyed "a message that compliance with [his] request is required." Id. at 235-36. A search
pursuant to a voluntary consent does not require reasonable suspicion. Foster, 101 S.W.3d at 495. 
Constitutional proscriptions against warrantless searches and seizures do not apply when a person
gives free and voluntary consent to search. Id.; Spight v. State, 76 S.W.3d 761, 768 (Tex.
App.-Houston [1st Dist.] 2002, no pet.). In her brief, Appellant does not contend that the request
to search was unreasonable under the circumstances or compelled by Chaney, nor does she argue that
her consent was involuntary. She simply asserts that the request to search and, thus, her detention
was an illegal seizure under the United States and Texas Constitutions, mandating suppression of
her consent to search. Because Chaney's request to search after completion of the traffic stop was
not an unlawful seizure and Appellant voluntarily consented to the search, Appellant's contention
that the request to search was constitutionally prohibited is without merit. Accordingly, Appellant's
issue on appeal is overruled.


Conclusion

 Appellant failed to preserve her issue for appeal. Moreover, based upon our review of the
record, we conclude that Appellant's contention that the request to search was an illegal seizure is
without merit. Accordingly, the judgment of the trial court is affirmed.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered October 29, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.








(DO NOT PUBLISH)
1. Tex. Health & Safety Code Ann. § 481.121(a), (b)(4) (Vernon 2003).