OPINION
 

 FELIPE REYNA, Justice.
 

 After a legal traffic stop, Marvin Gay Levi consented to a search of his vehicle and his crotch for contraband. After cocaine was found in his crotch, Levi was arrested. Levi’s motion to suppress the cocaine was overruled, and he appealed. We affirm.
 

 BACKGROUND
 

 Officer Allovio stopped Levi’s vehicle because of a faulty license-plate light. After a records check revealed that Levi was on parole, Allovio inquired why. Levi responded that he was on parole for a cocaine charge. After issuing a warning, Allovio told Levi that he was free to leave. As Levi turned to his vehicle, Allovio asked if there were any guns, drugs, or weapons in the vehicle. Levi responded that there were none. Allovio asked Levi if he could search his vehicle, and Levi consented. Before Allovio searched the vehicle, he asked if he could perform a protective body search, and Levi agreed. After the body search revealed nothing, Allovio directed Levi to sit on the curb while he searched the vehicle.
 

 At this time, Officers Lundquist and Rivas arrived on the scene. The officers stood next to Levi as he sat on the curb while Allovio searched the vehicle. After nothing was found, Allovio approached Levi and asked him if he had anything hidden in his crotch. Levi stated that he did not, but gave his consent for Allovio to search his crotch. During the search, Al-lovio felt a bulge that felt like a pill bottle. Thereupon, the officers handcuffed Levi and removed the object that was subsequently determined to be a pill bottle containing cocaine. The officers placed Levi under arrest.
 

 Levi filed a motion to suppress the cocaine claiming that the cocaine was illegally obtained. The trial court denied the motion, and Levi was sentenced in accord with a plea agreement to thirty years in prison.
 

 In his appeal, Levi argues that the trial court abused its discretion in overruling his motion to suppress because (1) the cocaine was discovered as a result of multiple illegal detentions; (2) his consent was involuntary; and (3) the search was constitutionally unreasonable.
 

 
 *544
 
 STANDARD OF REVIEW
 

 A trial court’s denial of a motion to suppress is reviewed for abuse of discretion.
 
 Welch v. State,
 
 93 S.W.3d 50, 53 (Tex.Crim.App.2002);
 
 Joubert v. State,
 
 129 S.W.3d 686, 687 (Tex.App.-Waco 2004, no pet.). “A voluntary consensual search is an exception to the probable cause and warrant requirements of the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution.”
 
 Conde v. State,
 
 135 S.W.3d 252, 255 (Tex.App.-Waco 2004, no pet.);
 
 see also Rayford v. State,
 
 125 S.W.3d 521, 528 (Tex.Crim.App.2003). The validity of a consent to search is a question of fact to be determined from all the circumstances.
 
 Rayford,
 
 125 S.W.3d at 528. The State has the burden to prove by clear-and-convincing evidence that consent was freely and voluntarily given.
 
 Id.; Conde,
 
 135 S.W.3d at 255. While we give almost total deference to the trial court’s determination of facts, we review de novo the trial court’s application of the law.
 
 Id.; Conde,
 
 135 S.W.3d at 255.
 

 Illegal Detention
 

 In Levi’s first issue, he argues that the trial court should have granted his motion to suppress the cocaine because it was discovered as a result of multiple illegal detentions. Levi claims that Allovio’s request for consent to search the vehicle after telling Levi he was free to go constitutes a second detention because the purpose of the traffic stop was over. Levi points to his testimony that Rivas and Lundquist were standing next to him on the curb as further evidence that this was a second detention because the officers by their presence did not leave him with the impression that he was free to leave. Furthermore, he argues that this second detention was illegal because Allovio did not have a reasonable suspicion that Levi was involved in any illegal activity; and therefore, the evidence should be suppressed as fruit of the illegal detention.
 

 However, asking additional questions, including asking for consent to search a vehicle, during a legal traffic stop is not a separate detention.
 
 Vargas v. State,
 
 18 S.W.3d 247, 252 (Tex.App.-Waco 2000, pet. ref'd). It is not unreasonable per se to request consent to search a vehicle after the completion of a traffic stop.
 
 James v. State,
 
 102 S.W.3d 162, 173 (Tex.App.-Fort Worth 2003, pet. ref'd);
 
 Leach v. State,
 
 35 S.W.3d 232, 235 (Tex.App.-Austin 2000, no pet.). On the contrary, a police officer may request consent to search a vehicle after the purpose of the traffic stop has been accomplished as long as it is reasonable under the circumstances and the officer has not conveyed a message that compliance with the officer’s request is required.
 
 Leach,
 
 35 S.W.3d at 235;
 
 see Simpson v. State,
 
 29 S.W.3d 324, 328 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd)(citing
 
 Ohio v. Robinette,
 
 519 U.S. 33, 37-39, 117 S.Ct. 417, 420-21, 136 L.Ed.2d 347, 353-55 (1996)). Therefore, the relevant question is whether the officer in asking for Levi’s consent gave the impression that an affirmative answer was required.
 

 Levi was told he was free to leave before Allovio requested his consent to search. The officers testified that Levi did not appear nervous or intimidated by them. The officers did not brandish their weapons, nor did they handcuff Levi until after the contraband was discovered. Levi was not placed in a patrol car, but asked to sit on the curb for his safety. The evidence shows that Allovio and the other officers did not convey a message that compliance with Allovio’s request for consent to search the vehicle was required.
 
 James,
 
 102 S.W.3d at 173. Therefore, we overrule Levi’s first issue.
 

 
 *545
 
 Involuntary Consent
 

 In his second issue, Levi argues that the trial court should have granted his motion to suppress because his consent was involuntary. For consent to be voluntary, it cannot be the product of duress or coercion, express or implied.
 
 Conde,
 
 135 S.W.3d at 255 (citing
 
 Reasor v. State,
 
 12 S.W.3d 813, 817 (Tex.Crim.App.2000)). Voluntary consent must be positive and unequivocal, and it is not shown by an acquiescence to a claim of lawful authority.
 
 Conde,
 
 135 S.W.3d at 255 (citing
 
 Carmouche v. State,
 
 10 S.W.3d 323, 331 (Tex.Crim.App.2000)).
 

 In determining whether consent was voluntary, we look to certain relevant factors, such as: the youth of the accused; the education of the accused; the intelligence of the accused; the constitutional advice given to the accused; the length of the detention; the repetitiveness of the questioning; and the use of physical punishment.
 
 State v. Hunter,
 
 102 S.W.3d 306, 311 (Tex.App.-Fort Worth 2003, no pet.);
 
 Reasor,
 
 12 S.W.3d at 818. Additionally, testimony by law enforcement officers that no coercion was involved in obtaining the consent is evidence of the consent’s voluntary nature.
 
 Martinez v. State,
 
 17 S.W.3d 677, 683 (Tex.Crim.App.2000);
 
 Hunter,
 
 102 S.W.3d at 311. A police officer’s failure to inform the accused that he can refuse consent is a factor to consider in determining the voluntariness of consent; however, the absence of such information does not automatically render the accused’s consent involuntary.
 
 Johnson v. State,
 
 68 S.W.3d 644, 653 (Tex.Crim.App.2002);
 
 Hunter,
 
 102 S.W.3d at 311.
 

 There is no evidence of the level of Levi’s intellect, but the evidence shows that Levi is an adult who has experienced previous encounters with law enforcement officials. The officers did not inform Levi that he could refuse to give his consent. However, Levi was told he was free to go before Allovio asked for his consent. Levi was not arrested or handcuffed before being asked to give his consent; therefore, there is no evidence of physical punishment. Evidence as to the length of the detainment is conflicting, but at its longest it was twenty minutes. The evidence shows that on each of the three occasions that Allovio asked for consent to search different areas, Allovio asked only once.
 

 Levi repeatedly points to the officers standing over him while he sat on the curb as evidence that he was coerced into giving his consent. However, there is no evidence that the officers acted in any manner to coerce Levi. Testimony that the officers stood over Levi is no evidence that they exhibited any behavior calculated to coerce him into giving his consent. There is no evidence that the officers’ actions intimidated Levi. On the contrary, the evidence shows that Levi was calm and did not seem nervous.
 

 Because we must give appropriate deference to the trial court’s determination of historical facts and the credibility of the witnesses, we hold that the trial court did not abuse its discretion in finding that Levi’s consent was voluntary.
 
 Conde,
 
 135 S.W.3d at 254;
 
 Joubert,
 
 129 S.W.3d at 687;
 
 Hunter,
 
 102 S.W.3d at 312. We overrule Levi’s second issue.
 

 Constitutionally Unreasonable Search
 

 In Levi’s third issue, he argues that the search which revealed the cocaine hidden in his crotch area was an unreasonable search under the Fourth Amendment because the search exceeded the scope of Levi’s consent. U.S. Const, amend. TV;
 
 Harris v. State,
 
 994 S.W.2d 927, 931 (Tex.App.-Waco 1999, pet. ref'd). Levi testified that after he consented to the crotch search, Allovio unbuckled Levi’s pants and
 
 *546
 
 placed a flashlight down his crotch. On the other hand, Allovio testified that the crotch search was performed by only feeling of Levi’s crotch through his pants. Allovio could not remember using a flashlight, but stated that a flashlight is commonly used in a search incident to an arrest after illegal drugs have been found.
 

 Because there is conflicting evidence as to the manner of the search, we must defer to the trial court’s determination of the credibility of the witnesses.
 
 Conde,
 
 135 S.W.3d at 254. Therefore, we hold that the trial court did not abuse its discretion in its determination that the search was reasonable. We overrule Levi’s third issue.
 

 CONCLUSION
 

 Having overruled all of Levi’s issues, we affirm the judgment.