In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-521 CR


____________________



DAVID HAROLD DAVIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 01-09-05998-CR






MEMORANDUM OPINION


 A jury convicted David Harold Davis of manufacture of a controlled substance,
methamphetamine, in an amount of four hundred grams or more. The jury assessed
punishment and sentenced Davis to forty years' confinement in the Texas Department of
Criminal Justice, Institutional Division. Davis appeals raising two issues. 

 In his first point of error, Davis argues the trial court erred in refusing to instruct the
jury on the lesser-included offense of manufacture of a controlled substance in the amount
of one to four grams, or in the alternative, four to two hundred grams. See Tex. Health &
Safety Code Ann. § 481.112(c), (d) (Vernon 2003). The jury was instructed on an amount
of four hundred grams or more. See Tex. Health & Safety Code Ann. § 481.112(f)
(Vernon 2003). "A two-part test is used to determine whether a lesser-included offense may
be submitted to a jury." Campbell v. State, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004)
(citing Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993)). To be
considered a lesser-included offense (1) the lesser offense must be included within the proof
necessary to establish the offense charged, and (2) some evidence must exist in the record
that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of
the lesser offense. Id.; see also Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981). The
State agrees with Davis that the first requirement is satisfied in this case. See Leach v. State,
35 S.W.3d 232, 237 (Tex. App.--Austin 2000, no pet.).

 However, the second part of the test is not met. Dottie Collins, a criminalist at the
Texas Department of Public Safety crime laboratory in Houston, testified the sample from
an Ozarka bottle, which was retrieved from the lab site, contained methamphetamine,
ephedrine, and iodine. The lab report showed the sample to have an aggregate weight of
444.45 grams. Davis points out the weight of the sample attributable to methamphetamine
was approximately 1.29 grams. He argues ephedrine and iodine are not adulterants or
dilutants and cannot be considered in the aggregate weight of the controlled substance.
However, the term "controlled substance" includes "the aggregate weight of any mixture,
solution, or other substance containing a controlled substance." Tex. Health & Safety
Code Ann. §481.002(5) (Vernon 2003) (emphasis added); see also Melton v. State, 120
S.W.3d 339, 343 (Tex. Crim. App. 2003). The ephedrine and iodine were part of the
"mixture." There was no evidence the aggregate weight of this sample was less than 444.45
grams and consequently no evidence that would permit a jury to rationally find that if Davis
is guilty, he is guilty only of manufacturing less than four hundred grams. The trial court did
not err in refusing to instruct the jury on the lesser included offense. Point of error one is
overruled.

 In his second point of error Davis claims the evidence is legally insufficient to support
his conviction. (1) In reviewing legal sufficiency, an appellate court must view the evidence
in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Santellan v. State, 939
S.W.2d 155, 160 (Tex. Crim. App. 1997). Davis' sufficiency point challenges only the
amount of the methamphetamine. As noted above, we consider the aggregate weight of any
mixture, solution, or other substance containing a controlled substance. Tex. Health &
Safety Code Ann. § 481.002(5). The liquid recovered from the Ozarka water bottle was
a mixture that contained methamphetamine and weighed 444.45 grams. Viewing the
evidence in the light most favorable to the verdict, a rational trier of fact could have found
beyond a reasonable doubt that Davis manufactured a controlled substance in an amount of
four hundred grams or more. See Tex. Health & Safety Code Ann. § 481.112(a), (f)
(Vernon 2003). 

 The judgment of the trial court is AFFIRMED.



 ________________________________

 CHARLES KREGER

 Justice


Submitted on June 24, 2005 

Opinion Delivered August 10, 2005

Do not publish 


Before Gaultney, Kreger, and Horton, JJ.

1. Although Davis' stated point of error suggests the evidence is also factually
insufficient, that issue is not briefed, nor does Davis seek a remand from this court. 
Accordingly, we only address the issue briefed, that of legal sufficiency. See Tex. R. App.
P. 38.1(h).