Opinion filed March 29, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00189-CR

                                                     __________

 

                                SHAWN
PATRICK BRYAN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo Pinto County, Texas

 

                                                   Trial
Court Cause No. 12,621

 



 

                                                                   O
P I N I O N

 

Shawn Patrick Bryan entered an open plea of guilty
to the offense of possession of less than one gram of methamphetamine, a state
jail felony.  See Tex. Health & Safety Code Ann. ' 481.115(b) (Vernon 2003).  The trial court convicted appellant of the
offense and assessed his punishment at confinement for twenty months and a fine
of $2,500.  The confinement portion of
the sentence was suspended, and appellant was placed on community supervision
for four years.  We reverse and
remand.  








In his sole issue on appeal, appellant contends
that the contraband should have been suppressed because it was discovered
during an unreasonable detention and search. 
Appellant argues that the search and the continued detention of
appellant were unreasonable because the officer had completed the purpose of
the traffic stop at the time he asked appellant for consent to search.  Appellant also asserts that the pat-down
search was unreasonable and was performed without reasonable suspicion.  Appellant filed a pretrial motion to suppress.  The trial court held a hearing and denied the
motion.

In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.[1]  Guzman v. State, 955 S.W.2d 85, 87
(Tex. Crim. App. 1997).  Because the
trial court is the exclusive fact-finder, the appellate court reviews evidence
adduced at the suppression hearing in the light most favorable to the trial
court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex.
Crim. App. 2000).  We also give deference
to the trial court=s rulings
on mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman,
955 S.W.2d at 89.  Where such rulings do
not turn on an evaluation of credibility and demeanor, we review the trial
court=s actions
de novo.  Id. 









Deputy Johnny McKee testified that, shortly after
8:00 p.m. on February 28, 2004, he stopped appellant for speeding and issued a
warning citation to appellant.  After
completing the traffic stop for speeding, at which time appellant was free to
leave, Deputy McKee asked appellant for consent to search his vehicle.  Appellant consented to the search of his
pickup.  Deputy McKee then advised
appellant that he was going to pat appellant down for safety purposes.  During the pat-down, Deputy McKee felt
something Asquishy@ that felt like plastic in appellant=s pants pocket.  He asked appellant what it was, and appellant
responded that it was money and some other stuff.  When the deputy asked appellant if he could
see the items, appellant took some items out of his pocket and put them in his
pickup.  After appellant had finished
putting the items in his pickup, Deputy McKee noticed a plastic bag in appellant=s hand and said, AThat=s
what I=m looking
for.@  Appellant then threw the plastic bag over the
pickup and into the Abar
ditch.@  After taking appellant down and placing him
in custody, Deputy McKee retrieved the plastic bag, which appeared to contain Acrystal meth, ice.@

In addition to the testimony of Deputy McKee, the
trial court viewed video of the events beginning when Deputy McKee was standing
at the door asking for appellant=s
consent to search. We have also reviewed the video.  The video shows that appellant consented to
the search of his vehicle and that he got out of his pickup.  When appellant got out, Deputy McKee advised
him that he was going to check for weapons. 
The deputy then felt appellant=s
pants pocket and asked, AWhat=s at the bottom?@  Appellant responded, AChange.@ 
Deputy McKee said, ANo,
there=s
something else.@  Appellant then took some items out of his
pocket and dropped something.  Deputy
McKee responded affirmatively when appellant asked him if he should put it in
the pickup.  Appellant then leaned into the
pickup.  When appellant raised back up,
he started showing the deputy some papers that had been in his pocket, but
Deputy McKee said, ALet me
see this hand.@  Then Deputy McKee said, AThat=s
what I=m looking
for.@  Appellant then threw something over the
pickup and into the ditch, and Deputy McKee took him to the ground saying, ABuddy, you don=t
f---ing do that to me.  You hear me?@ 
Shortly after Deputy McKee retrieved the baggie from the ditch, another
officer arrived on the scene.  Deputy
McKee told that officer that he could feel baggies in appellant=s pocket and that Deputy McKee Ahad [appellant] empty his pocket.@








Appellant relies on Davis v. State, 947
S.W.2d 240, 243 (Tex. Crim. App. 1997), to support his contention that, once
the reason for the detention has been satisfied, the detention may not be used
as a fishing expedition for unrelated criminal activity.  Davis
is distinguishable from this case because it involved a continued detention and
search without consent, whereas this case involves a consensual search.  After the purpose of a traffic stop has been
accomplished, a police officer may ask for consent to search a vehicle;
however, if consent is refused, the officer may not detain the occupants or
vehicle further unless reasonable suspicion of some criminal activity
exists.  Magana v. State, 177
S.W.3d 670, 673 (Tex. App.CHouston
[1st Dist.] 2005, no pet.); Leach v. State, 35 S.W.3d 232, 235-36 (Tex.
App.CAustin
2000, no pet.); Simpson v. State, 29 S.W.3d 324, 328 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d); see Ohio v. Robinette, 519 U.S. 33
(1996).  If consent is given voluntarily,
a search incident to that consent is not unreasonable.  Reasor v. State, 12 S.W.3d 813, 818 (Tex. Crim. App.
2000).  In this case, appellant does not
challenge the voluntariness of his consent. 
Because the officer requested and obtained appellant=s consent to search the vehicle, we
hold that appellant was not unreasonably detained.  

Appellant also contends that the pat-down search
of his person was unreasonable because Deputy McKee could articulate no facts
to support a suspicion that appellant was armed.  A pat-down search for weapons is permissible
when an officer is justified in believing that the individual whose suspicious
behavior he is investigating at close range is armed and presently dangerous to
the officer or to others.  Terry v. Ohio, 392 U.S.
1, 24 (1968); O=Hara
v. State, 27 S.W.3d 548, 550-51 (Tex.
Crim. App. 2000).  The pat-down must be
limited to that which is necessary for the discovery of weapons.  Terry, 392 U.S. at 25-26.  In determining whether a pat-down search was
justified, the issue is whether a reasonably prudent person would have been
warranted under the circumstances in believing that his safety or that of
others was in danger.  Terry, 392 U.S. at 27; O=Hara, 27 S.W.3d at 551.  The determination turns on an objective
assessment of the officer=s
actions and does not depend on the officer=s
actual state of mind.  O=Hara, 27 S.W.3d at 551.  

The record from the hearing on the motion to
suppress shows that Deputy McKee testified that he had no reason to believe
appellant was armed and dangerous and that he did not suspect that appellant
had a weapon.  Rather, Deputy McKee
testified that he suspected appellant was involved in some type of Aillegal drug activity.@ 
Deputy McKee=s state
of mind, however, does not determine whether the pat-down was justified.  The question is whether a reasonably prudent
person would be warranted in believing that he or others were in danger.  








The video shows that Deputy McKee advised
appellant that, for Asafety@ purposes, he was going to check
appellant for weapons.  However, in
neither his testimony nor at the scene did Deputy McKee articulate any
justification for believing that appellant was armed and dangerous.  Furthermore, the video does not reveal
anything happening prior to the pat-down that would warrant a reasonably
prudent person to be concerned for his safety or that of others.  All it shows is Deputy McKee standing outside
appellant=s pickup
door with a flashlight while asking for consent to search the vehicle.  Appellant responded that he did not mind, and
he got out of his pickup.  Based upon the
record before us, we are constrained to hold that there is nothing indicating
that a reasonably prudent person would have been warranted under the
circumstances in believing that his safety or that of others was in
danger.  

Furthermore, we note that appellant abandoned the
contraband by throwing the baggie into the ditch and that the Fourth Amendment
does not protect property that has been voluntarily abandoned.  See Abel v. United
 States, 362 U.S. 217, 241 (1960).  When officers seize property that has been
voluntarily abandoned, no violation of the Fourth Amendment occurs.  Hawkins v. State, 758 S.W.2d 255, 257
(Tex. Crim. App. 1988).  Voluntary
abandonment occurs if the defendant intended to abandon the property and the
decision to abandon the property was not induced by police misconduct.  Brimage v. State, 918 S.W.2d 466, 507
(Tex. Crim. App. 1996); Comer v. State, 754 S.W.2d 656, 659 (Tex. Crim.
App. 1986).  In this case, appellant=s abandonment of the contraband was not
voluntary as it was induced by police misconduct:  an unjustified pat-down.  See Comer, 754 S.W.2d at 658-59.  Accordingly, we hold that the trial court
erred by failing to grant appellant=s
motion to suppress.  Appellant=s issue is sustained.  

The judgment of the trial court is reversed, and
the caused is remanded.  

 

 

JIM R. WRIGHT

CHIEF
JUSTICE         

 

March 29, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., 

McCall,
J., and Strange, J.











[1]We note that the trial court made no findings of fact
or conclusions of law and that neither party requested them.  Consequently, we will Aimpl[y] the necessary fact findings that would support
the trial court=s ruling if the evidence (viewed in the light most
favorable to the trial court=s ruling) supports these implied fact findings.@  State v.
Kelly, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006); see State v.
Cullen, 195 S.W.3d 696, 700 (Tex. Crim. App. 2006).