**Opinion filed January 27, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00099-CR
_____

## TIMOTHY PAUL GLENN, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 355th District Court

Hood County, Texas

Trial Court Cause No. CR10982

## M E M O R A N D U M   O P I N I O N

The jury convicted Timothy Paul Glenn of two counts of possession of a controlled substance and, upon his pleas of true to the enhancements, assessed his punishment at confinement for twenty years and a $10,000 fine for each offense. The trial court ordered the sentences to run concurrently. We modify and affirm.

In his sole issue on appeal, appellant challenges the denial of his motion to suppress. Appellant argues that the drugs should have been suppressed because the officer had no

reasonable suspicion to continue to detain appellant after issuing a traffic citation and because the State failed to show that appellant freely and voluntarily consented to a search of his car.

At a hearing on a motion to suppress, the trial court is the sole factfinder and the judge of the witnesses' credibility, and we may not disturb any finding that is supported by the evidence unless an abuse of discretion is shown. *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997); *Davis v. State*, 829 S.W.2d 218 (Tex. Crim. App. 1992). In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman*, 955 S.W.2d at 87. Because the trial court is the exclusive factfinder, appellate courts review the evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

At the hearing on the motion to suppress, Officer Toby Fries testified that he stopped appellant for speeding and issued a written warning for that traffic violation. Officer Fries testified that he asked appellant for permission to search appellant's vehicle and that appellant consented. Officer Fries searched the car and found various pills, a glass pipe containing residue, and two small baggies containing a crystal-like substance. Appellant was then placed under arrest.

The record from the hearing on the motion to suppress shows that a videotape of the traffic stop was played for the trial court. That videotape, however, was neither offered nor admitted into evidence as an exhibit at the hearing and is not part of the record on appeal. The parties agree that, just after issuing the warning citation, Officer Fries asked appellant if there was anything in the vehicle that the officer needed to know about and then asked either, "Do you mind if I look for my own self and let you go about your way?" or "Do you mind if I look for my own self before I let you go on your way?" The parties also agree that appellant responded, "You want to have a look inside?" and that appellant then asked the officer if he wanted appellant to open the trunk.

We disagree with appellant's contention that the search and the continued detention of appellant was unreasonable because the officer had completed the purpose of the traffic stop at

2

the time he asked appellant for consent to search. Appellant relies on *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997), to support his contention that, once the reason for the detention has been satisfied, the detention may not be continued without reasonable suspicion and may not be used as a fishing expedition for unrelated criminal activity. *Davis* is distinguishable from this case because it involved a continued detention and search without consent, whereas this case involves a consensual search. After the purpose of a traffic stop has been accomplished, a police officer may ask for consent to search a vehicle; however, if consent is refused, the officer may not detain the occupants or vehicle further unless reasonable suspicion of some criminal activity exists. *Magana v. State*, 177 S.W.3d 670, 673 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *James v. State*, 102 S.W.3d 162, 173 (Tex. App.—Fort Worth 2003, pet. ref'd); *Leach v. State*, 35 S.W.3d 232, 235-36 (Tex. App.—Austin 2000, no pet.); *Simpson v. State*, 29 S.W.3d 324, 328 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *see Ohio v. Robinette*, 519 U.S. 33 (1996). If consent is given voluntarily, a search incident to that consent is not unreasonable. *Reasor v. State*, 12 S.W.3d 813, 818 (Tex. Crim. App. 2000).

The next question is whether appellant's consent to search was voluntarily given. Voluntary consent to search is a well-established exception to the constitutional requirements regarding warrants and probable cause. *Carmouche*, 10 S.W.3d at 331. In Texas, the State must prove by clear and convincing evidence that consent was given voluntarily. *Id.* Voluntariness is a question of fact to be determined from all the circumstances. *Robinette*, 519 U.S. at 40; *Carmouche*, 10 S.W.3d at 331. Appellant did not testify at the hearing on the motion to suppress. Officer Fries testified that appellant gave him permission to search. There is nothing in the record to suggest that appellant did not consent to the search, that appellant was not free to leave at the time he was asked for consent to search, that appellant felt he was not free to leave at that time, that appellant was under duress or coercion, or that appellant was being illegally detained. Under these circumstances, it was within the trial court's discretion as the factfinder to determine that appellant's consent was voluntarily given. *See Johnson v. State*, 68 S.W.3d 644, 652-54 (Tex. Crim. App. 2002); *see also Montanez v. State*, 195 S.W.3d 101 (Tex. Crim. App. 2006). We find no error in the trial court's denial of appellant's motion to suppress. Appellant's issue on appeal is overruled.

Upon reviewing the record in this case, it became apparent to this court that the judgment in Count One needs to be modified. The record shows that appellant was indicted in Count One

with possession of "one gram or more but less than four grams" of methamphetamine. As to Count One, the jury found that appellant possessed "one gram or more but less than four grams" of methamphetamine and convicted appellant of the offense "as charged in Count One of the indictment." The judgment, however, inaccurately reflects a conviction in Count One for "POSSESSION OF A CON[T]ROLLED SUBSTANCE UNDER ONE GRAM, METHAMPHETAMINE." Consequently, we modify the judgment to correct the error.

The judgment of the trial court in Count Two is affirmed. The judgment of the trial court in Count One is modified to reflect that appellant was convicted of the following offense: "POSSESSION OF A CONTROLLED SUBSTANCE OF ONE GRAM OR MORE BUT LESS THAN FOUR GRAMS, METHAMPHETAMINE"; as modified, that judgment is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


January 27, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.