Opinion filed January 27,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00099-CR

                                                    __________

 

                               TIMOTHY
PAUL GLENN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 355th District Court

 

                                                             Hood
County, Texas

 

                                                   Trial
Court Cause No. CR10982

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Timothy Paul Glenn of two counts of possession of a controlled
substance and, upon his pleas of true to the enhancements, assessed his
punishment at confinement for twenty years and a $10,000 fine for each offense. 
The trial court ordered the sentences to run concurrently.  We modify and
affirm.  

In
his sole issue on appeal, appellant challenges the denial of his motion to suppress. 
Appellant argues that the drugs should have been suppressed because the officer
had no reasonable suspicion to continue to detain appellant after issuing a
traffic citation and because the State failed to show that appellant freely and
voluntarily consented to a search of his car.  

At
a hearing on a motion to suppress, the trial court is the sole factfinder and
the judge of the witnesses’ credibility, and we may not disturb any finding
that is supported by the evidence unless an abuse of discretion is shown.  Guzman
v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997); Davis v. State, 829
S.W.2d 218 (Tex. Crim. App. 1992).  In reviewing a trial court’s ruling on a
motion to suppress, appellate courts must give great deference to the trial
court’s findings of historical facts as long as the record supports the
findings.  Guzman, 955 S.W.2d at 87.  Because the trial court is the
exclusive factfinder, appellate courts review the evidence adduced at the
suppression hearing in the light most favorable to the trial court’s ruling.  Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give
deference to the trial court’s rulings on mixed questions of law and fact when
those rulings turn on an evaluation of credibility and demeanor.  Guzman,
955 S.W.2d at 87.  Where such rulings do not turn on an evaluation of
credibility and demeanor, we review the trial court’s actions de novo.  Id.
 

            At
the hearing on the motion to suppress, Officer Toby Fries testified that he
stopped appellant for speeding and issued a written warning for that traffic
violation.  Officer Fries testified that he asked appellant for permission to
search appellant’s vehicle and that appellant consented.  Officer Fries
searched the car and found various pills, a glass pipe containing residue, and
two small baggies containing a crystal-like substance.  Appellant was then
placed under arrest.

The
record from the hearing on the motion to suppress shows that a videotape of the
traffic stop was played for the trial court.  That videotape, however, was
neither offered nor admitted into evidence as an exhibit at the hearing and is
not part of the record on appeal.  The parties agree that, just after issuing
the warning citation, Officer Fries asked appellant if there was anything in the
vehicle that the officer needed to know about and then asked either, “Do you
mind if I look for my own self and let you go about your way?” or “Do you mind
if I look for my own self before I let you go on your way?”  The parties also
agree that appellant responded, “You want to have a look inside?” and that
appellant then asked the officer if he wanted appellant to open the trunk.

            We
disagree with appellant’s contention that the search and the continued
detention of appellant was unreasonable because the officer had completed the
purpose of the traffic stop at the time he asked appellant for consent to
search.  Appellant relies on Davis v. State, 947 S.W.2d 240, 243 (Tex.
Crim. App. 1997), to support his contention that, once the reason for the
detention has been satisfied, the detention may not be continued without
reasonable suspicion and may not be used as a fishing expedition for unrelated
criminal activity.  Davis is distinguishable from this case because it
involved a continued detention and search without consent, whereas this case
involves a consensual search.  After the purpose of a traffic stop has been
accomplished, a police officer may ask for consent to search a vehicle;
however, if consent is refused, the officer may not detain the occupants or
vehicle further unless reasonable suspicion of some criminal activity exists.  Magana
v. State, 177 S.W.3d 670, 673 (Tex. App.—Houston [1st Dist.] 2005, no
pet.); James v. State, 102 S.W.3d 162, 173 (Tex. App.—Fort Worth 2003,
pet. ref’d); Leach v. State, 35 S.W.3d 232, 235-36 (Tex. App.—Austin
2000, no pet.); Simpson v. State, 29 S.W.3d 324, 328 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d); see Ohio v. Robinette, 519 U.S. 33
(1996).  If consent is given voluntarily, a search incident to that consent is
not unreasonable.  Reasor v. State, 12 S.W.3d 813, 818 (Tex. Crim. App.
2000).  

            The
next question is whether appellant’s consent to search was voluntarily given.  Voluntary
consent to search is a well-established exception to the constitutional
requirements regarding warrants and probable cause.  Carmouche, 10
S.W.3d at 331.  In Texas, the State must prove by clear and convincing evidence
that consent was given voluntarily.  Id.  Voluntariness is a question of
fact to be determined from all the circumstances.  Robinette, 519 U.S.
at 40; Carmouche, 10 S.W.3d at 331.  Appellant did not testify at the
hearing on the motion to suppress.  Officer Fries testified that appellant gave
him permission to search.  There is nothing in the record to suggest that
appellant did not consent to the search, that appellant was not free to leave at
the time he was asked for consent to search, that appellant felt he was not
free to leave at that time, that appellant was under duress or coercion, or
that appellant was being illegally detained.  Under these circumstances, it was
within the trial court’s discretion as the factfinder to determine that
appellant’s consent was voluntarily given.  See Johnson v. State, 68
S.W.3d 644, 652-54 (Tex. Crim. App. 2002); see also Montanez v. State,
195 S.W.3d 101 (Tex. Crim. App. 2006).  We find no error in the trial court’s
denial of appellant’s motion to suppress.  Appellant’s issue on appeal is
overruled.  

            Upon
reviewing the record in this case, it became apparent to this court that the
judgment in Count One needs to be modified.  The record shows that appellant
was indicted in Count One with possession of “one gram or more but less than
four grams” of methamphetamine.  As to Count One, the jury found that appellant
possessed “one gram or more but less than four grams” of methamphetamine and
convicted appellant of the offense “as charged in Count One of the indictment.” 
The judgment, however, inaccurately reflects a conviction in Count One for “POSSESSION
OF A CON[T]ROLLED SUBSTANCE UNDER ONE GRAM, METHAMPHETAMINE.”  Consequently, we
modify the judgment to correct the error.  

            The
judgment of the trial court in Count Two is affirmed.  The judgment of the
trial court in Count One is modified to reflect that appellant was convicted of
the following offense:  “POSSESSION OF A CONTROLLED SUBSTANCE OF ONE GRAM OR
MORE BUT LESS THAN FOUR GRAMS, METHAMPHETAMINE”; as modified, that judgment is
affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

January 27, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.