Edward Doyle NEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00573–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 30, 1993.

Ann Braneff, Bryan, for appellant.

Bill Turner, Margaret Lalk, Brazos, for appellee.

Before MIRABAL, HEDGES and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a revocation of probation. We affirm.

Appellant pled guilty to theft and was assessed punishment of 10 years in prison, probated. The judge revoked probation after finding appellant violated his probation by sexually assaulting a child and by committing incest.

In his first point of error, appellant contends he was entitled to a jury trial and that the State had to prove his guilt beyond a reasonable doubt, not by a preponderance of the evidence. The law is to the contrary. See *Bradshaw v. State,* 518 S.W.2d 548, 549 (Tex.Crim.App.1975).

We overrule point of error one.

In his second point of error, appellant contends the judge erred in admitting the videotaped statements of the child victim.

First, appellant asserts that TEX. CODE CRIM.P.ANN. art. 38.071 (Vernon Supp. 1993) does not make this videotape admissible. Appellant contends article 38.071, which allows videotaped testimony of a child assault victim, applies only to a "prosecution," and not to a probation revocation hearing. Appellant cites no authority to support his claim.

Article 38.071 states, in pertinent part:

*This article applies only to a proceeding in the prosecution of an offense* defined by any of the following sections of the Penal Code if the offense is alleged to have been committed against a child 12 years of age or younger and if the trial court finds that the child is unavailable to testify at the trial of the offense, and applies only to the statements or testimony of that child: [followed by a list of nine offenses, including aggravated sexual assault and incest.]

TEX.CODE CRIM.P.ANN. art. 38.071, § 1 (Vernon Supp.1993) (emphasis added).

The words "prosecution of an offense" do not mandate the result appellant advocates. For example, TEX.CODE CRIM.P.ANN. art. 38.22 (Vernon 1979) applies by its terms only to "any criminal proceeding," yet courts apply it in revocation hearings. *Bustamante v. State,* 493 S.W.2d 921, 922 (Tex.Crim.App. 1973). Likewise, TEX.CODE CRIM.P.ANN. art. 38.23 (Vernon Supp.1993), which applies to "the trial of any criminal case," can be used in a probation revocation hearing to suppress illegally obtained evidence. Finally, TEX. CODE CRIM.P.ANN. art. 38.071 (Vernon Supp. 1993) "denotes a general legislative intent to

protect the youth of this state from the trauma associated with testifying in a courtroom...." *Gonzales v. State*, 818 S.W.2d 756, 765 n. 16 (Tex.Crim.App.1991); *see also* Robert L. Galloway, *Confronting Child Sexual Abuse: Alerting Courtroom Procedure to Prevent a Second Assault*, 32 S. TEX.L.REV. 137 (1990). Our youth deserve that protection regardless of whether the proceeding is a jury trial or a motion to revoke probation. We overrule this portion of point of error two.

■ Appellant next contends one videotape should have been suppressed because the State did not provide his attorney an opportunity to view the tape, as required by article 38.071, section 5(a)(8). The record reflects that appellant's attorney viewed one of the videotapes before the hearing, and that the prosecutor made the other videotape available three or four days prior to the hearing. Thus, the State complied with section 5(a)(8). We overrule this portion of point of error two.

■ Appellant next asserts the judge erred because appellant was not allowed to propound written interrogatories pursuant to article 38.071, section 2(b), which states:

If a recording is made under Subsection (a) of this section and after an indictment is returned or a complaint has been filed, by motion of the attorney representing the state or the attorney representing the defendant and on the approval of the court, both attorneys may propound written interrogatories that shall be presented by the same neutral individual who made the initial inquiries, if possible, and recorded under the same or similar circumstances of the original recording with the time and date or the inquiry clearly indicated in the recording.

TEX.CODE CRIM.P.ANN. art. 38.071, § 2(b) (Vernon Supp.1993).

While appellant filed a motion to propound interrogatories, the record does not contain these interrogatories, the record does not indicate appellant ever brought the motion to the judge's attention, and appellant did not object on these grounds when the videotapes were admitted. Thus, appellant waived any error. TEX.R.APP.P. 52(a).

We overrule this portion of point of error two.

■ Appellant further asserts the judge erred by admitting the videotapes in violation of section 2(c) of article 38.071.

Section 2(c) states:

A recording made under Subsection (a) of this section is not admissible into evidence unless a recording made under Subsection (b) is admitted at the same time *if a recording under Subsection (b) was requested prior to time of trial.*

TEX.CODE CRIM.P.ANN. art. 38.071, § 2(c) (Vernon Supp.1993) (emphasis added).

Again, the record does not show appellant brought this objection to the attention of the trial judge. The judge never ruled on this portion of the motion to suppress, and appellant never objected to the admission of the videotapes on these grounds at the hearing. As such, any error was waived. TEX. R.APP.P. 52(a).

Appellant next contends the trial judge abused his discretion in allowing the videotape because the State did not comply with TEX.CODE CRIM.P.ANN. art. 38.072 (Vernon Supp.1993).

Section 2 of article 38.072 provides for the admission into evidence of certain hearsay "outcry" statements:

**Art. 38.072. Hearsay Statement of Child Abuse Victim**

Sec. 2. (a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) *were made to the first person,* 18 years of age or older, other than the defendant, *to whom the child made the statement about the offense.*

TEX.CODE CRIM.P.ANN. art. 38.072 (Vernon Supp.1993) (emphasis added).

Article 38.072 deals with the admissibility of the child's first "outcry" statement. No evidence here shows the child's videotaped

testimony was the first "outcry." Thus, the State was not required to comply with article 38.072.

■ Appellant asserts that in order for the child's videotaped testimony to be admissible under article 38.071, it must also be admissible as a first outcry exception under article 38.072. We disagree. Such a reading would mean that the child's video testimony would be inadmissible except when the first adult to whom the child speaks about the offense not only videotapes that outcry, but is an expert in the handling, treatment, and investigation of child abuse cases, as is required by article 38.071. In short, the hearsay exception embodied in article 38.071 operates separately and apart from the hearsay exception in article 38.072. No authority requires that statements admissible under·the one hearsay exception must necessarily be admissible under the other. Thus, because the videotapes here were not the first outcry, article 38.072 does not apply.

We overrule point of error two.

We affirm the judgment.