NO. 07-08-00338-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
25, 2010

 



 

RANDAL C. HALFORD, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 140TH DISTRICT COURT OF
LUBBOCK COUNTY;

 

NO. 2004-407,318; HONORABLE JIM BOB DARNELL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Pursuant to a plea bargain, appellant
Randal Craig Halford plead guilty to felony driving while intoxicated[1]
in exchange for a sentence of seven years confinement, suspended in favor of
seven years community supervision.  The
State later filed a motion to revoke community supervision alleging numerous
violations of its terms.  On appellant=s plea of Anot true@ to the allegations, the court heard
evidence and thereafter revoked community supervision and imposed a sentence of
imprisonment for a term of five years. 
By three issues, appellant contends the trial court erroneously revoked
community supervision because it considered evidence obtained in violation of
the Fourth Amendment to the United States Constitution, Article I, Section 9 of
the Texas Constitution, and article 38.23 of the Texas Code of Criminal
Procedure.[2]    We affirm.

Background

The allegations against appellant
stemmed from a traffic stop on March 20, 2008. 
The State=s motion to revoke alleged that on
that occasion appellant committed violations of the terms of his community
supervision that included driving while intoxicated, failing to abstain from
alcohol, and operating a vehicle without a Deep Lung Breath Analysis Machine
installed.

Appellant filed a motion to suppress
the evidence of his intoxication obtained during the March 20 traffic stop,
contending the stop was unlawful because it was not based on reasonable
suspicion.  The record shows the trial
court carried the motion with the proceeding but never ruled on it.  Instead, the court granted appellant a
running objection consistent with his motion during the hearing on the motion
to revoke.

At the revocation hearing, a Lubbock
police officer testified that at about 10:00 p.m. on March 20, 2008, he noticed
a tan Suburban traveling on Loop 289 Adrift off onto the shoulder where about three-quarters of the
vehicle width was on the shoulder.  The
left wheels were almost to the stripe.@ The Suburban continued on the right shoulder for Aseveral hundred feet.@ 
It was at this time the officer activated his in-car recording system.
The court viewed the recording during the officer=s testimony.  The
officer continued to observe the Suburban and saw it pull back into the right
lane of travel and then drift Atowards the center divider dividing
it in the left lane.  The tires touched
that stripe and drifted back over to the right, drifted back onto the shoulder
a little bit, and then drifted back, and then exited...@. 
The officer followed the Suburban onto the access road and saw that Ait continued to drift from the right
slowly back to the left, and continued until [he] got to the Quaker traffic
light.@ 
At the intersection, the officer activated his lights.  The Suburban continued westbound and stopped
about a block later.  The officer stated
he followed the vehicle before pulling it over Ato confirm that this was a consistent pattern, that he wasn=t on the phone, or distracted by
something else in the vehicle.@ 
The officer acknowledged the night was somewhat windy, but said the wind
did not affect his own ability to drive in the proper lane. He also noted there
Awas not a lot of traffic on that
stretch of the highway.@ 


The officer testified that
appellant’s actions before he exited the Loop constituted the offense of
failure to drive within a single lane.[3]  He also testified that he thought he was Apossibly behind a person who was
intoxicated.@

After the Suburban stopped, the
officer made contact with the driver, identifying him as appellant.  The officer detected an odor of alcohol,
observed appellant=s eyes were glassy and watery and his
speech was slurred.  When the officer
asked appellant where he had been, appellant told him he had been at a party
where he drank seven or eight beers. He first told the officer he began
drinking at 7:30 p.m. but then stated he started at 4:30 that afternoon. The
officer conducted standardized field sobriety tests.  The results of the tests led the officer to
believe appellant was intoxicated. Appellant was arrested and transported to
the Lubbock County Jail where he refused to provide a breath test. The police
officer also testified that he did not notice a visible ignition interlock
device on the Suburban appellant was driving. 


Appellant=s probation officer also testified at
the revocation hearing.  She testified to
the allegations against appellant and noted he was driving his girlfriend=s Suburban on the night he was
arrested.  She testified that the terms
of appellant=s community supervision required that
he have a Guardian Interlock device on any vehicle he operated.  During cross-examination, the probation
officer testified appellant was Avery compliant@ with regard to the terms and conditions of his community
supervision until this incident.  

At the close of the evidence, the
court found the State met its burden of proof with regard to the allegations
set forth above.  The court ordered a
pre-sentence report and subsequently heard punishment evidence from a licensed
counselor in the field of addictions and co-occurring disorders.  Thereafter, the court revoked appellant=s community supervision and sentenced
him to five years imprisonment.  This
appeal followed.

Analysis

Standard of Review








When reviewing an order revoking
community supervision, the sole question before this Court is whether the trial
court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493
(Tex.Crim.App.1984); Jackson v. State, 645 S.W.2d 303, 305
(Tex.Crim.App.1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that the probationer violated a condition of
community supervision as alleged in the motion to revoke. Cobb v. State,
851 S.W.2d 871, 874 (Tex.Crim.App.1993). If the State fails to meet its burden
of proof, the trial court abuses its discretion in revoking community
supervision. Cardona, 665 S.W.2d at 494. In determining the sufficiency
of the evidence to sustain a revocation, we view the evidence in the light most
favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419,
421 (Tex.Crim.App.1979). When more than one violation of the conditions of
community supervision is found by the trial court, the revocation order shall
be affirmed if one sufficient ground supports the court's order. Moore v.
State, 605 S.W.2d 924, 926 (Tex.Crim.App.1980); Leach v. State, 170
S.W.3d 669, 672 (Tex.App.‑Fort Worth 2005, pet. ref'd).

The Fourth Amendment protects against
unreasonable searches and seizures, including those entailing only a brief
detention. See U.S. Const. amend. IV; United States v. Mendenhall,
446 U.S. 544, 551, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980);Terry v. Ohio,
392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Leach v. State,
35 S.W.3d 232, 235 (Tex.App.BAustin 2000, no pet.);[4]
 Rhodes v. State, 945 S.W.2d 115,
117 (Tex.Crim.App. 1997).  To justify an
investigative stop, an officer must have specific, articulable facts that, when
combined with rational inferences from those facts, would lead him to
reasonably conclude that the detained person is connected to a criminal
activity. See Terry, 392 U.S.
at 21-22; Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App.
2002); Woods v. State, 956 S.W.2d 33,
34-35 (Tex.Crim.App. 1997).  We review
the totality of the circumstances to determine if the officer had a particular
and objective basis for suspecting wrongdoing. See United States. v. Arvizu,
534 U.S. 266, 273 (2002); Garcia v. State, 43 S.W.3d 527, 530
(Tex.Crim.App. 2001). In evaluating the totality of the circumstances, we use a
bifurcated standard of review -- we give almost total deference to the trial
court's determination of historical facts that are supported by the record and
review de novo the trial court's application of law to facts not turning on
credibility and demeanor. See Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App.1997). If the trial court made no written findings of fact, we
assume the trial court made findings of fact that the record supports and those
findings support the trial court's conclusions. See Balentine, 71 S.W.3d
at 768; Carmouche v. State, 10 S.W.3d 323, 328 (Tex.Crim.App. 2000).

Application

Appellant argues the only evidence supporting
the State=s motion to revoke appellant=s community supervision was obtained
after an illegal stop.  The State
disagrees, noting among other things, the officer observed actions that
reasonably led him to believe appellant was driving while intoxicated.  The officer therefore had reasonable
suspicion to stop appellant and the evidence obtained therefrom was properly
considered by the trial court in the hearing on the motion to revoke.
[5]


AErratic or unsafe driving may furnish
a sufficient basis for a reasonable suspicion that the driver is intoxicated
even absent evidence of violation of a specific traffic law.@ 
James v. State, 102 S.W.3d 162, 171-72 (Tex.App.—Fort Worth 2003,
pet. ref’d), citing Cook v. State, 63
S.W.3d 924, 929 (Tex.App.—Corpus Christi 2000, no pet.). See also Richardson
v. State, 39 S.W.3d 634, 638, 640 (Tex.App.‑Amarillo 2000, no pet.); State
v. Tarvin, 972 S.W.2d 910, 912 (Tex.App.‑Waco 1998, pet. ref'd).

The officer testified to his twenty
years’ experience in law enforcement and his experience dealing with
intoxicated drivers.  Although his in-car
camera was not yet activated when he said he watched appellant’s vehicle Adrift@ onto the right shoulder of Loop 289 to the point its left
wheels were almost to the stripe, the trial court was free to find the
description credible.  Such a movement at
highway speeds is a significant departure from normal driving behavior.  The officer’s further testimony of the
Suburban’s path is generally confirmed by the video.  The vehicle movements the officer described
could have been caused by entirely innocent factors. But, based on the totality
of the circumstances, including the nature of the movement that first caught
the officer’s attention, the vehicle’s further drifts from one side of its lane
to another, both on the Loop and after its exit onto the access road, the
officer’s experience, and the hour of night, we see no error in the trial
court’s implicit conclusion the officer’s suspicion of an intoxicated driver
was reasonable. See Curtis v. State,
238 S.W.3d 376, 380 (Tex.Crim.App. 2007) (finding car’s weaving in and out of
lane several times over short distance, late at night, permitted experienced
officer to draw rational inference driver was intoxicated).  See also Davy v. State,
67 S.W.3d 382, 393 (Tex.App.‑Waco 2001, no pet.) (driver’s actions taken
individually -- driving in circles in a parking lot in early morning hours and
driving on the road at one‑half posted speed limit close to right side of
road – insufficient to establish reasonable suspicion of driving while
intoxicated but, taken collectively, provided factually sufficient evidence of
reasonable suspicion justifying stop).  See
also State v. Arend, No. 02-03-00336-CR, 2005 WL 994710 (Tex.App.BFort Worth April 28, 2005, pet. ref=d) (mem. op., not designated for
publication) (holding experienced officer's observation of vehicle weaving
within single lane and its continued weaving as officer followed for forty‑five
to fifty seconds provided articulable facts justifying officer's suspicion of
intoxicated driver). In its revocation decision, the court properly considered
the evidence obtained through the officer’s traffic stop of appellant.  We resolve appellant's first two issues
against him.

In his third issue, appellant
contends the evidence obtained as a result of the traffic stop could not be
used against him under Code of Criminal Procedure article 38.23.  He bases the contention on the argument the
officer did not have reasonable suspicion to support the traffic stop.  Because we have found that the stop was
valid, and he does not point to any other asserted violations of law involved
in the obtaining of evidence against him, we overrule appellant’s third issue
as well.  See Middleton v. State, 9 S.W.3d 428, 432 (Tex.App.BHouston [14th Dist.] 1999,
no pet.) (similarly finding no violation of article 38.23 in absence of Fourth
Amendment violation).

We conclude the State proved by a
preponderance of the evidence appellant violated the terms and conditions of
community supervision. The trial court did not abuse its discretion in revoking
appellant's community supervision and sentencing him to five years confinement
in the institutional division of the Texas Department of Criminal Justice.  We affirm the trial court's order.

 

                                                                                                                                                James
T. Campbell                                                                                                                                     Justice

 

 

Do not publish.








 











[1] 
See Tex. Penal Code Ann. ' 49.04 (Vernon 2003); Tex. Penal Code Ann. ' 49.09 (Vernon 2007).





[2] 
See U.S. Const. amend. IV; Tex. Const. art. 1, ' 9; Tex. Code
Crim. Proc. Ann. art. 38.23 (Vernon 2005).





[3] See Tex. Transp. Code Ann. ' 545.060(a) (Vernon 1999) (providing
in pertinent part, A(a) An operator on a roadway divided
into two or more clearly marked lanes for traffic: (1) shall drive as nearly as
practical entirely within a single lane; and (2) may not move from the lane
unless that movement can be made safely@).  

            On
appeal, in addition to arguing the officer’s suspicion appellant failed to
maintain a single lane of traffic was reasonable, the State takes the position
the officer’s testimony supports a reasonable suspicion appellant violated §
545.058 of the Transportation Code, concerning driving on the improved
shoulder.  See Tex. Transp. Code Ann. § 545.058 (Vernon 1995). Because we conclude
the State is correct the officer’s traffic stop was justified by a reasonable
suspicion appellant was driving while intoxicated, we need not address either
of the State’s traffic code violation arguments.





[4] 
Article 1, ' 9 of the Texas Constitution provides
no further protections than the standards articulated in Terry. We will
therefore address together appellant=s contentions under the United States and Texas
Constitutions.

 





[5] The State does not question the
applicability of the exclusionary rule, or of article 38.23, to revocation
proceedings, and we assume their application here.  See
Davis v. State, 576 S.W.2d 378
(Tex.Crim.App. 1978) (excluding evidence in probation revocation proceeding); Neal
v. State, 862 S.W.2d 203, 205 (Tex.App.BHouston [1st Dist.] 1993, no pet.) (stating
article 38.23, which applies to Athe trial of any criminal case,@ can be used in a probation revocation hearing to suppress
illegally obtained evidence). But cf. Hernandez, 60 S.W.3d at 108
(Cochran, J., concurring) (questioning whether federal exclusionary rule
necessarily applies at punishment stage of trial); George E. Dix and Robert O.
Dawson, Texas Practice: Criminal Practice
and Procedure, Vol. 40, § 4.02 (2nd ed. & Supp. 2009-2010)
(noting Judge Cochran’s opinion in Hernandez
and stating “not entirely clear” whether evidence inadmissible to prove guilt
may be used for other purposes).