NO. 07-08-00338-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 25, 2010

RANDAL C. HALFORD, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407,318; HONORABLE JIM BOB DARNELL, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea bargain, appellant Randal Craig Halford plead guilty to felony driving while intoxicated[1] in exchange for a sentence of seven years confinement, suspended in favor of seven years community supervision. The State later filed a motion to revoke community supervision alleging numerous violations of its terms. On appellant's plea of "not true" to the allegations, the court heard evidence and thereafter

_____

[1] *See* Tex. Penal Code Ann. § 49.04 (Vernon 2003); Tex. Penal Code Ann. § 49.09 (Vernon 2007).

1

revoked community supervision and imposed a sentence of imprisonment for a term of five years. By three issues, appellant contends the trial court erroneously revoked community supervision because it considered evidence obtained in violation of the Fourth Amendment to the United States Constitution, Article I, Section 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure.[2] We affirm.

## Background

The allegations against appellant stemmed from a traffic stop on March 20, 2008. The State's motion to revoke alleged that on that occasion appellant committed violations of the terms of his community supervision that included driving while intoxicated, failing to abstain from alcohol, and operating a vehicle without a Deep Lung Breath Analysis Machine installed.

Appellant filed a motion to suppress the evidence of his intoxication obtained during the March 20 traffic stop, contending the stop was unlawful because it was not based on reasonable suspicion. The record shows the trial court carried the motion with the proceeding but never ruled on it. Instead, the court granted appellant a running objection consistent with his motion during the hearing on the motion to revoke.

At the revocation hearing, a Lubbock police officer testified that at about 10:00 p.m. on March 20, 2008, he noticed a tan Suburban traveling on Loop 289 "drift off onto

---

[2] *See* U.S. Const. amend. IV; Tex. Const. art. 1, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).

the shoulder where about three-quarters of the vehicle width was on the shoulder. The left wheels were almost to the stripe." The Suburban continued on the right shoulder for "several hundred feet." It was at this time the officer activated his in-car recording system. The court viewed the recording during the officer's testimony. The officer continued to observe the Suburban and saw it pull back into the right lane of travel and then drift "towards the center divider dividing it in the left lane. The tires touched that stripe and drifted back over to the right, drifted back onto the shoulder a little bit, and then drifted back, and then exited...". The officer followed the Suburban onto the access road and saw that "it continued to drift from the right slowly back to the left, and continued until [he] got to the Quaker traffic light." At the intersection, the officer activated his lights. The Suburban continued westbound and stopped about a block later. The officer stated he followed the vehicle before pulling it over "to confirm that this was a consistent pattern, that he wasn't on the phone, or distracted by something else in the vehicle." The officer acknowledged the night was somewhat windy, but said the wind did not affect his own ability to drive in the proper lane. He also noted there "was not a lot of traffic on that stretch of the highway."

The officer testified that appellant's actions before he exited the Loop constituted the offense of failure to drive within a single lane.[3] He also testified that he thought he was "possibly behind a person who was intoxicated."

---

[3] *See* Tex. Transp. Code Ann. § 545.060(a) (Vernon 1999) (providing in pertinent part, "(a) An operator on a roadway divided into two or more clearly marked lanes for

After the Suburban stopped, the officer made contact with the driver, identifying him as appellant. The officer detected an odor of alcohol, observed appellant's eyes were glassy and watery and his speech was slurred. When the officer asked appellant where he had been, appellant told him he had been at a party where he drank seven or eight beers. He first told the officer he began drinking at 7:30 p.m. but then stated he started at 4:30 that afternoon. The officer conducted standardized field sobriety tests. The results of the tests led the officer to believe appellant was intoxicated. Appellant was arrested and transported to the Lubbock County Jail where he refused to provide a breath test. The police officer also testified that he did not notice a visible ignition interlock device on the Suburban appellant was driving.

Appellant's probation officer also testified at the revocation hearing. She testified to the allegations against appellant and noted he was driving his girlfriend's Suburban on the night he was arrested. She testified that the terms of appellant's community supervision required that he have a Guardian Interlock device on any vehicle he operated. During cross-examination, the probation officer testified appellant was "very

---

traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely").

On appeal, in addition to arguing the officer's suspicion appellant failed to maintain a single lane of traffic was reasonable, the State takes the position the officer's testimony supports a reasonable suspicion appellant violated § 545.058 of the Transportation Code, concerning driving on the improved shoulder. *See* Tex. Transp. Code Ann. § 545.058 (Vernon 1995). Because we conclude the State is correct the officer's traffic stop was justified by a reasonable suspicion appellant was driving while intoxicated, we need not address either of the State's traffic code violation arguments.

compliant" with regard to the terms and conditions of his community supervision until this incident.

At the close of the evidence, the court found the State met its burden of proof with regard to the allegations set forth above. The court ordered a pre-sentence report and subsequently heard punishment evidence from a licensed counselor in the field of addictions and co-occurring disorders. Thereafter, the court revoked appellant's community supervision and sentenced him to five years imprisonment. This appeal followed.

## Analysis

### Standard of Review

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App.1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d

419, 421 (Tex.Crim.App.1979). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App.1980); *Leach v. State,* 170 S.W.3d 669, 672 (Tex.App.-Fort Worth 2005, pet. ref'd).

The Fourth Amendment protects against unreasonable searches and seizures, including those entailing only a brief detention. *See* U.S. Const. amend. IV; *United States v. Mendenhall*, 446 U.S. 544, 551, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); *Terry v. Ohio,* 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Leach v. State,* 35 S.W.3d 232, 235 (Tex.App.–Austin 2000, no pet.);[4] *Rhodes v. State,* 945 S.W.2d 115, 117 (Tex.Crim.App. 1997). To justify an investigative stop, an officer must have specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the detained person is connected to a criminal activity*. See Terry,* 392 U.S. at 21-22; *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002); *Woods v. State,* 956 S.W.2d 33, 34-35 (Tex.Crim.App. 1997). We review the totality of the circumstances to determine if the officer had a particular and objective basis for suspecting wrongdoing. *See United States. v. Arvizu*, 534 U.S. 266, 273 (2002); *Garcia v. State*, 43 S.W.3d 527, 530 (Tex.Crim.App. 2001). In

---

[4] Article 1, § 9 of the Texas Constitution provides no further protections than the standards articulated in *Terry*. We will therefore address together appellant's contentions under the United States and Texas Constitutions.

6

evaluating the totality of the circumstances, we use a bifurcated standard of review -- we give almost total deference to the trial court's determination of historical facts that are supported by the record and review de novo the trial court's application of law to facts not turning on credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). If the trial court made no written findings of fact, we assume the trial court made findings of fact that the record supports and those findings support the trial court's conclusions. *See Balentine*, 71 S.W.3d at 768; *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex.Crim.App. 2000).

Application

Appellant argues the only evidence supporting the State's motion to revoke appellant's community supervision was obtained after an illegal stop. The State disagrees, noting among other things, the officer observed actions that reasonably led him to believe appellant was driving while intoxicated. The officer therefore had reasonable suspicion to stop appellant and the evidence obtained therefrom was properly considered by the trial court in the hearing on the motion to revoke. [5]

---

[5] The State does not question the applicability of the exclusionary rule, or of article 38.23, to revocation proceedings, and we assume their application here. *See Davis v. State,* 576 S.W.2d 378 (Tex.Crim.App. 1978) (excluding evidence in probation revocation proceeding); *Neal v. State,* 862 S.W.2d 203, 205 (Tex.App.–Houston [1st Dist.] 1993, no pet.) (stating article 38.23, which applies to "the trial of any criminal case," can be used in a probation revocation hearing to suppress illegally obtained evidence). *But cf. Hernandez,* 60 S.W.3d at 108 (Cochran, J., concurring) (questioning whether federal exclusionary rule necessarily applies at punishment stage of trial); George E. Dix and Robert O. Dawson, *Texas Practice: Criminal Practice and*

"Erratic or unsafe driving may furnish a sufficient basis for a reasonable suspicion that the driver is intoxicated even absent evidence of violation of a specific traffic law." *James v. State,* 102 S.W.3d 162, 171-72 (Tex.App.—Fort Worth 2003, pet. ref'd), *citing Cook v. State,* 63 S.W.3d 924, 929 (Tex.App.—Corpus Christi 2000, no pet.). *See also Richardson v. State,* 39 S.W.3d 634, 638, 640 (Tex.App.-Amarillo 2000, no pet.); *State v. Tarvin,* 972 S.W.2d 910, 912 (Tex.App.-Waco 1998, pet. ref'd).

The officer testified to his twenty years' experience in law enforcement and his experience dealing with intoxicated drivers. Although his in-car camera was not yet activated when he said he watched appellant's vehicle "drift" onto the right shoulder of Loop 289 to the point its left wheels were almost to the stripe, the trial court was free to find the description credible. Such a movement at highway speeds is a significant departure from normal driving behavior. The officer's further testimony of the Suburban's path is generally confirmed by the video. The vehicle movements the officer described could have been caused by entirely innocent factors. But, based on the totality of the circumstances, including the nature of the movement that first caught the officer's attention, the vehicle's further drifts from one side of its lane to another, both on the Loop and after its exit onto the access road, the officer's experience, and the hour of night, we see no error in the trial court's implicit conclusion the officer's

*Procedure,* Vol. 40, § 4.02 (2ⁿᵈ ed. & Supp. 2009-2010) (noting Judge Cochran's opinion in *Hernandez* and stating "not entirely clear" whether evidence inadmissible to prove guilt may be used for other purposes).

suspicion of an intoxicated driver was reasonable. *See Curtis v. State,* 238 S.W.3d 376, 380 (Tex.Crim.App. 2007) (finding car's weaving in and out of lane several times over short distance, late at night, permitted experienced officer to draw rational inference driver was intoxicated). *See also Davy v. State*, 67 S.W.3d 382, 393 (Tex.App.-Waco 2001, no pet.) (driver's actions taken individually -- driving in circles in a parking lot in early morning hours and driving on the road at one-half posted speed limit close to right side of road – insufficient to establish reasonable suspicion of driving while intoxicated but, taken collectively, provided factually sufficient evidence of reasonable suspicion justifying stop). *See also State v. Arend,* No. 02-03-00336-CR, 2005 WL 994710 (Tex.App.–Fort Worth April 28, 2005, pet. ref'd) (mem. op., not designated for publication) (holding experienced officer's observation of vehicle weaving within single lane and its continued weaving as officer followed for forty-five to fifty seconds provided articulable facts justifying officer's suspicion of intoxicated driver). In its revocation decision, the court properly considered the evidence obtained through the officer's traffic stop of appellant. We resolve appellant's first two issues against him.

In his third issue, appellant contends the evidence obtained as a result of the traffic stop could not be used against him under Code of Criminal Procedure article 38.23. He bases the contention on the argument the officer did not have reasonable suspicion to support the traffic stop. Because we have found that the stop was valid, and he does not point to any other asserted violations of law involved in the obtaining of evidence against him, we overrule appellant's third issue as well. *See Middleton v.*

9

*State,* 9 S.W.3d 428, 432 (Tex.App.–Houston [14th Dist.] 1999, no pet.) (similarly finding no violation of article 38.23 in absence of Fourth Amendment violation)*.*

We conclude the State proved by a preponderance of the evidence appellant violated the terms and conditions of community supervision. The trial court did not abuse its discretion in revoking appellant's community supervision and sentencing him to five years confinement in the institutional division of the Texas Department of Criminal Justice.  We affirm the trial court's order.


James T. Campbell
Justice


Do not publish.