NO. 07-10-00500-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 31, 2013

---

DAVID HAROLD GREER, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 59,244-B; HONORABLE ABE LOPEZ, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

A jury found appellant, David Harold Greer, Jr., guilty of the offense of possession with intent to deliver four hundred grams or more of a controlled substance, phencyclidine (PCP), and assessed his punishment at ninety-nine years' confinement in prison and a fine of $250,000.[1] Through two issues appellant challenges the trial court's ruling on his pretrial motion to suppress and argues his trial counsel rendered ineffective assistance. We will affirm.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.102(8) (West 2010) and § 481.112(a), (f) (West 2010) (specifying range of punishment for possession of 400 grams or more).

## Background

Appellant was the driver of a Chevrolet Impala, and was stopped for speeding by a Texas Department of Public Safety trooper on Interstate 40, in Potter County. Appellant presented a Washington state driver's license and a two-way rental contract for the vehicle in his name. Accompanying him were Eric Harris and Timothy Freeman. Appellant identified Harris as his cousin. The trooper expressed an intention to issue appellant a warning ticket.

The trooper spoke with appellant and Harris separately. He detected inconsistencies in their responses to his questions, and found some of the facts surrounding their trip to be suspicious. The trooper requested a computer information check on appellant as well as on Harris and Freeman. The return of appellant's criminal history indicated several prior arrests. Appellant explained to the trooper the report was not his criminal history but that of another cousin with the same name and date of birth. Harris indicated to the trooper he and appellant were not related. Appellant accounted for this inconsistency between his story and Harris's with the explanation that he sometimes referred to others as "cousin."

Before he had issued the planned warning ticket, the trooper requested permission to search the trunk of appellant's vehicle. Appellant agreed. While retrieving the key fob to open the trunk, the trooper smelled ether inside the vehicle and noticed in "plain view" on the passenger side floorboard a bottle of what he believed was PCP. The trooper arrested appellant and his passengers. Two additional bottles of PCP were discovered through later searches of the vehicle.

Appellant filed a pretrial motion to suppress the PCP evidence which the trial court denied. At trial, a DPS chemist testified the substance contained in the three bottles discovered in appellant's vehicle was PCP.

The jury found appellant guilty of the charged offense and assessed the noted sentence. This appeal followed.

Analysis

By his two issues on appeal, appellant first contends the trial court abused its discretion by denying his motion to suppress the contraband. Second, he argues his trial counsel rendered ineffective assistance by failing to properly investigate the case.

Issue One: Motion to Suppress the Contraband

Appellant does not contest the validity of the trooper's initial traffic stop. Rather, he complains the trooper lacked an articuable basis for prolonging the detention beyond the completion of the traffic stop and lacked an objective "legal justification to request a search" of appellant's vehicle.

By signed written order, the trial court denied appellant's motion to suppress. When a defendant files a pretrial motion to suppress evidence and obtains a ruling on the admissibility of the evidence, he need not object each time the evidence is offered in order to preserve error. *Garza v. State,* 126 S.W.3d 79, 84 (Tex.Crim.App. 2004) (quoting *Ebarb v. State,* 598 S.W.2d 842 (Tex.Cirm.App. 1980)). However, our review of the record indicates at trial, when the State offered into evidence the PCP attributed to appellant, trial counsel responded "no objection." A "defendant waives any complaint on appeal concerning the admissibility of evidence when he affirmatively states, 'No

3

objection,' at the time the evidence is offered." *Holmes v. State,* 248 S.W.3d 194, 201 (Tex.Crim.App. 2008); *Dean v. State,* 749 S.W.2d 80, 83 (Tex.Crim.App. 1988) ("When an accused affirmatively asserts during trial that he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling"). By stating "no objection," appellant forfeited his complaint; his first issue is not preserved for our review. Tex. R. App. P. 33.1(a).

Even had error been preserved, moreover, the record does not show the trial court abused its discretion in denying appellant=s pretrial motion to suppress. As noted, the record supports a conclusion appellant gave the trooper permission to search the trunk of the vehicle before a warning ticket had been issued. Thus, before completion of the traffic stop permission to search was obtained and appellant does not contend his consent was involuntary.[2] *See Kothe v. State,* 152 S.W.3d 54, 63-64, 65 (Tex.Crim.App. 2004) (traffic-stop investigation "fully resolved" only after computer check of license and warrant status and "officer knows that this driver has a currently valid license, no outstanding warrants, and the car is not stolen").

---

[2] Even could it be said that the traffic stop was completed upon the return of appellant's background check, the trooper immediately requested and received appellant's consent to search the trunk of his vehicle. On these facts, the detention was not unlawfully prolonged. *See Robledo v. State,* 175 S.W.3d 508, 510 (Tex.App.--Amarillo 2005, no pet.) (defendant was not impermissibly detained when consent to search his vehicle was requested "seconds" after purpose of traffic stop was effectuated); *James v. State,* 102 S.W.3d 162, 173 (Tex.App.--Fort Worth 2003, pet. refused) (citing *Leach v. State,* 35 S.W.3d 232, 235 (Tex. App.--Austin 2000, no pet.) ("It is not unreasonable *per se* to request consent after completion of a traffic stop").

4

Appellant's contention the trooper did not possess an "objective legal justification to request a search of the vehicle" is without merit. An officer may request permission to search a vehicle even absent reasonable suspicion of criminal activity. *Johnson v. State,* 912 S.W.2d 227, 235 (Tex.Crim.App. 1995); *Spight v. State,* 76 S.W.3d 761, 767-68 (Tex.App.—Houston [1st Dist.] 2002, no pet.).

Appellant's first issue is overruled.

Second Issue: Ineffective Assistance of Counsel

Appellant next asserts he did not receive effective assistance of counsel at trial because his counsel failed to interview Harris. We understand appellant to argue that had trial counsel interviewed Harris he would have discovered evidence favorable to appellant. Harris could then have been summoned to testify on appellant's behalf at trial.

*Strickland v. Washington* is the seminal case setting forth the standard for ineffective assistance of counsel claims under the United States Constitution. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court in *Strickland* established a two-pronged test for analyzing a claim of ineffective assistance of counsel. Reversal requires an appellant to demonstrate (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. 466 U.S. at 687, 104 S.Ct. at 2064. *See also Hernandez v. State,* 726 S.W.2d 53, 54-55 (Tex.Crim.App. 1986) (applying *Strickland* standard under Texas constitution).

The first prong of the *Strickland* test requires an appellant to prove that counsel made such serious errors he did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Appellant must show that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. 466 U.S. at 689-90, 104 S.Ct. at 2065-66. The second *Strickland* prong requires an appellant to "show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). "Reasonable probability" means probability of a degree sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

An appellant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Mitchell,* 68 S.W.3d at 642. Review of counsel's performance is highly deferential and a strong presumption exists that counsel's conduct fell within the wide range of reasonable professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App. 2001); *see Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065 (noting there are countless ways to provide effective assistance in any given case). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly rooted in the record. *Thompson v. State,* 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999).

The record on direct appeal is ordinarily not sufficiently developed to establish an ineffective assistance of counsel claim. *See Rylander v. State,* 101 S.W.3d 107, 110 (Tex.Crim.App. 2003) ("[w]e have previously stated that the record on direct appeal will

6

generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the Strickland standard as the reasonableness of counsel's choices often involves facts that do not appear in the appellate record"). This is particularly true in instances where no hearing on a motion for new trial was held and trial counsel had no opportunity to explain the trial strategy. Thus, the better course is to pursue the claim through a petition for writ of habeas corpus. *Mitchell,* 68 S.W.3d at 642.

The attorney's failure to investigate or present witnesses provides a basis for establishing ineffective assistance of counsel only where it is shown that the witnesses would have been available and that the presentation of the evidence would have benefitted appellant. *Pinkston v. State,* 744 S.W.2d 329, 332 (Tex.App.--Houston [1st Dist.] 1988, no pet.).

Even assuming Harris was available to testify at trial, nothing shows the substance of the anticipated testimony and how this testimony would have benefited appellant or brought about a different outcome at trial. Appellant's ineffective assistance claim is unsustainable on this record. We overrule his second issue.

Conclusion

Having overruled appellant's two issues on appeal, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

7